IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        CRIMINAL ACTION NO. 2:19-cr-00114

SAMANTHA MILLER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Request for Early Termination of Supervised Release* (Document 73), wherein she asks the Court to terminate her term of supervised release to allow her to establish and build credit. The United States did not respond to Ms. Miller's motion. For the reasons stated herein, the Court finds the motion should be denied.

Pursuant to 18 U.S.C. §3583(e)(1), the Court may terminate a term of supervised release and discharge a defendant after the expiration of one year of supervised release. If such circumstances exist, the Court may modify or terminate the term of supervised released after considering the factors set forth in 18 U.S.C. §3553(a), and if warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. §3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

On January 21, 2021, the Court imposed a sentence of 12 months of incarceration followed by a 5-year term of supervised release as a result of the Defendant's guilty plea to bank fraud in violation of 18 U.S.C. § 1344(2) and possession of stolen mail matter in violation of 18 U.S.C. §

1708.  She was released from prison on March 3, 2022, and has been serving her term of supervised release since.

Ms. Miller requests that the Court terminate her supervised release early so that she can start building credit.  She states that she is unable to build credit while on supervised release, which has become a significant barrier to her goal of achieving long-term financial stability and eventually becoming a homeowner.  She contends that being able to build credit will allow her to secure stability for herself and her daughter.

In support of her motion, she states that she has followed all conditions of her supervised release, paid her required restitution, earned her driver's license, become a certified peer recovery support specialist, and completed her Associate Degree in Theology.  She is currently pursuing her bachelor's degree in theology and studying Hebrew through the Hebrew Academy.  Further, she states that she has maintained full time employment while also being the primary caregiver for her daughter.  Ms. Miller states that she also co-facilitates a weekly recovery meeting.  Additionally, she attached several certifications from various courses she has completed in topics such as mental health, theology studies, substance use recovery, and job training.

While the Court recognizes that Ms. Miller has taken steps towards rehabilitation and contributes to her community, the Court finds that she is not an appropriate candidate for early termination of supervised release.  Over the course of approximately four months in 2018, Ms. Miller stole blank and completed checks from mailboxes and added fraudulent information to the checks in order to cash them.  She also obtained driver's licenses from multiple people to cash fraudulent checks payable to those individuals.  Ms. Miller cashed these fraudulent checks and falsely used others' identification cards to cash checks at financial institutions throughout Charleston, West Virginia, and Ohio.  She also possessed several credit cards that were not hers

at the time of her arrest. In total, the intended loss caused by Ms. Miller was calculated at $14,398.67 and there were approximately forty victims.

Due to the financial nature of Ms. Miller's crimes, a condition of her supervised release prevents her from incurring new credit charges or opening additional lines of credit without approval by her probation officer. Because Ms. Miller's probation officer has continuous interaction with her and is therefore best informed about her progress, her probation officer is in the best position to determine whether it is appropriate for her to open new lines of credit and incur credit charges. Further, the § 3553(a) factors counsel against terminating Ms. Miller's supervised release to protect the public and to deter her from committing additional offenses. The Court, therefore, declines to grant Ms. Miller's request to terminate her term of supervised release and discharge her from this condition.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Request for Early Termination of Supervised Release* (Document 73) be **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   March 17, 2025

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA